# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12cr286-MMA-8 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO CORRECT JUDGMENT** |
| v. | |
| DANIEL YUHAS, | |
| Defendant. | [Doc. No. 408] |

On May 31, 2012, pursuant to a written plea agreement, Defendant Daniel Yuhas pleaded guilty to Count One of an Indictment charging him with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, section 853. *See* Doc. No. 147. The Court sentenced Defendant to the custody of the Bureau of Prisons for a term of 120 months.[1] *See* Doc. No. 273. Defendant, proceeding *pro se*, now moves the Court to correct the judgment pursuant to Federal Rule of Criminal Procedure 36, to accurately reflect the Court's oral pronouncement that he serve his federal and state sentences concurrently. *See* Doc. No. 408.

---

[1] Hon. Judge M. James Lorenz, presiding.

1

The Court may amend or correct a judgment pursuant to Federal Rule of Criminal Procedure 36 "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here. The judgment accurately reflects the sentencing court's intention that Defendant serve any state sentence concurrently with his federal sentence. *See* Doc. No. 273 at 2.

To the extent Defendant challenges the execution of his sentence, the general rule is that the Bureau of Prisons has the authority to determine if a defendant is eligible for credit for time served in the custody prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Only after a defendant has exhausted his remedies through the Bureau of Prisons may he seek judicial review of the Bureau's calculation of the creditable time under 18 U.S.C. § 3585(b). *Id*. It is unclear whether Defendant has exhausted his remedies, but regardless, the instant motion is not the proper vehicle for relief and this is not the proper venue. A defendant seeking review of the Bureau's calculation must file a petition pursuant to 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 771-72 (9th Cir. 1984). Any such petition must be filed in the district of Defendant's confinement, which currently appears to be the District of Oregon based on Defendant's current housing location at Sheridan Federal Correctional Institution in Sheridan, Oregon. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973).

Accordingly, the Court **DENIES** Defendant's motion without prejudice to filing a petition pursuant to 28 U.S.C. § 2241 in the appropriate judicial district.

**IT IS SO ORDERED**.

DATE: April 4, 2019

HON. MICHAEL M. ANELLO
United States District Judge